# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Alea R. Kennedy,<br><br>    Plaintiff(s),<br><br>vs.<br><br>Avanti Residential, LLC, *et al.*,<br><br>    Defendant(s). | 2:24-cv-00489-RFB-MDC<br><br>**Order** |

Pending before the Court are pro se plaintiff Alea Kennedy's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) and Complaint (ECF No. 1-1). The Court defers addressing her IFP. The Court orders plaintiff to show cause why her complaint should not be dismissed as duplicative and/or frivolous.

## DISCUSSION

## COMPLAINT IS DUPLICATIVE

The Court notes that plaintiff's Complaint (ECF No. 1-1) is near identical to complaints filed by plaintiff in the District of Colorado.[1] In each of her complaints, including her present case in the District of Nevada, plaintiff alleges defendants: (1) discriminated against her in violation of federal and state anti-discrimination statutes; (2) assumed plaintiff was disabled where no disability was present; (3) subjected plaintiff to medical treatment by unlicensed practitioners; (4) compromised the leasing[2] contract; (5) retaliation;[3] and (6) gene theft. The Court is concerned by the duplicative nature of these Complaints.

---

[1] *Kennedy (PS) v. Modivcare Solutions, LLC*, Case No. 1:23-cv-03327-SBP; *Kennedy (PS) v. Greystar Real Estate Partners LLC et al*, Case No. 1:23-cv-03328-SBP; *Kennedy (PS) v. Priderock Capital Partners, LLC*; Case No. 1:23-cv-03331-SBP; *Kennedy (PS) v. Transcat, Inc.*, Case No. 1:23-cv-03332-SBP; *Kennedy (PS) v. American Lighting Inc*, Case No. 1:23-cv-03334-SBP; *Kennedy (PS) v. Greystar Real Estate Partners, LLC et al*, Case No. 1:23-cv-03426-SBP; *Kennedy (PS) v. Apartment Investment Management Co.*, Case No. 1:24-cv-00696-SBP; *Kennedy (PS) v. Greystar Real Estate Partners et al*, Case No. 1:24-cv-00702-SBP; *Kennedy (PS) v. Cushman Wakefield, Inc. et al*, Case No. 1:24-cv-00703-SBP.

[2] In some of her other complaints, plaintiff alleges defendants "evidenced their compromise of the employment contract" but ultimately follows the same basic template in her allegations.

[3] Plaintiff alleges that she was dragged through the leasing office for neurological surgery.

Furthermore, plaintiff has filed these actions in close succession, and alleges facts in one complaint that seem to contradict the timeline of another complaint. For example, in this present Complaint, *Kennedy v. Avanti Residential, LLC, et al.*, 2:224-cv-00489-RFB-MDC, plaintiff claimed she was a resident of Arapahoe County, Colorado at the time of the alleged events. However, in plaintiff's Colorado Complaint, *Kennedy (PS) v. Cushman Wakefield, Inc. et al*, Case No. 1:24-cv-00703-SBP, plaintiff claimed she was a resident of Clark County, Nevada. In *Kennedy (PS) v. Greystar Real Estate Partners et al*, Case No. 1:24-cv-00702-SBP, plaintiff claimed she was a resident of Arapahoe County, Colorado. The near identical claims, close timeline, and discrepancy in residences is concerning. In addition, in both *Kennedy v. Greystar Real Estate Partners* and *Kennedy v. Avanti Residential* plaintiff claims that on December 20, 2023, "Jamie Curtright Fischer stood outside of plaintiff's former apartment and screamed a full confession to the aforementioned alleged crimes." ECF No. 1 at 4:3; and ECF No. 1-1 at 4:3, respectively. The Court is concerned on how plaintiff is claiming that the alleged event occurred at both apartments on the same date. The Court is also concerned that some of the claims may be considered frivolous. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For example, plaintiff alleged that she was dragged, screaming through the leasing office, for the sake of neurological surgery. ECF No. 1-1 at 5:6. Plaintiff has also alleged she was "subjected to acts of gene theft." ECF No. 1-1 at 5:7. These claims seem irrational and/or incredulous. The Court orders plaintiff to show cause why her Complaint should not be dismissed as duplicative and/or frivolous.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff must file a brief showing cause by **May 1, 2024,** why her Complaint (ECF No. 1-1) should not be dismissed as duplicative and/or frivolous. Failure to comply with this order may result in a recommendation that this case be dismissed.

2. The Court defers addressing plaintiff's IFP until plaintiff has shown cause.

3. The Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after addressing plaintiff's IFP.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file a written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 1st day of April 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge